472 P.2d 95

Geronimo MEZA, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

Kemper Marley, Kemper Marley, Jr., & Joyce Marley Renas

The Marley Cattle Company, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. I CA–IC 394.

Court of Appeals of Arizona, Division 1, Department A.

July 2, 1970.

Rehearing Denied Sept. 29, 1970.
Review Denied Nov. 17, 1970.

Lawrence Ollason, Tucson, for petitioner.

Donald L. Cross, Chief Counsel, by William C. Wahl, Jr., Phoenix, for respondent Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Dee-Dee Samet, Phoenix, for respondent carrier State Compensation Fund.

DONOFRIO, Presiding Judge.

This case is before the Court by writ of certiorari brought by Geronimo Meza, petitioner, to test the lawfulness of an award and findings of The Industrial Commission of Arizona issued on December 3, 1969, awarding petitioner compensation for a scheduled permanent disability.[1]

The petitioner injured his left eye on July 10, 1965, when it was struck by a broken fence wire in the course of his employment.

His subsequent medical examination appeared to indicate that he had no useful vision from his left eye, but that probably he could see light. He was continued under medication for pain but no other treatment was indicated so long as he remained "comfortable." The petitioner was able to return to work on November 9, 1965. However, due to continued irritation and pain to his left eye, and not due to any additional injury, he was unable to work from January 15, 1968 until he was released to return for work on May 4, 1968 following the enucleation of his left eye which was performed on April 2, 1968.

The Industrial Commission made a scheduled award to the petitioner in 1966 of twenty-five months' compensation pursuant to A.R.S. § 23–1044, subsec. B, par. 17, for the loss of 100% visual efficiency of his left eye.

The claim was reopened in 1968 when the enucleation was performed. The petitioner received medical benefits and temporary total compensation in connection with this surgical procedure. The Commission then issued an award for an additional five months' compensation, the difference between the amount awarded under A.R.S. § 23–1044, subsec. B, par. 17, twenty-five months, and the amount awardable for enucleation of the eye under § 23–1044, subsec. B, par. 16, thirty months.

The question presented for review is whether the petitioner is entitled to twenty-five months' compensation for loss of sight of the left eye and an additional thirty months' compensation for the enucleation of the same eye, or whether his entitlement is limited to a total of thirty month's compensation.

Counsel point out that this is a case of first impression in Arizona.

The applicable sections of the statutes read as follows:

A.R.S. § 23–1044, subsec. B, par. 16
"For the loss of an eye by enucleation, thirty months [compensation]."

A.R.S. § 23–1044, subsec. B, par. 17
"For the permanent and complete loss of sight in one eye without enucleation, twenty-five months [compensation]."

---

1. This case was decided under the law as it existed prior to January 1, 1969.

**486**

It is the opinion of the Court that the Commission has reached a correct determination in this matter. The facts present us with a single accidental injury which resulted in 100% loss of visual efficiency of the left eye in 1965, and enucleation of that same eye in 1968. We do not believe that the delay in time between the loss of sight and the enucleation entitled this claimant to be compensated first for twenty-five months under subsection 17 and again for thirty months under subsection 16, when if the two results were closer in point of time he would have been entitled to compensation under subsection 16 only. To interpret the statute otherwise would entitle the petitioner to double recovery for the same injury.

The award of the Commission is affirmed.

STEVENS and CAMERON, JJ., concur.